UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFRAIN PEREZ AGUSTIN,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Warden, Otay Mesa Detention Center et al.,<br><br>　　　　　　　　　　Respondents. | Case No.: 3:25-cv-02323-RBM-DEB<br><br>**ORDER:**<br><br>**(1) DISMISSING PETITION AS MOOT [Doc. 1]; AND**<br><br>**(2) DENYING PETITIONER'S MOTION TO STAY HABEAS CORPUS PROCEEDINGS PENDING BOARD OF IMMIGRATION APPEALS DECISION [Doc. 9]** |

　　　　Pending before the Court is Petitioner Efrain Perez Agustin's ("Petitioner") First Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Amended Petition"), in which he challenges the lawfulness of his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. 2.) Pursuant to this Court's Order (*see* Doc. 4), Respondents filed a Return in Opposition to First Amended Petition for Writ of Habeas Corpus ("Response"). (Doc. 6.) Petitioner filed a Reply Brief ("Reply") (Doc. 8) as well as a Motion to Stay Habeas Corpus Proceedings Pending Board of Immigration Appeals Decision ("Motion to Stay") (Doc. 9).

　　　　For the reasons set forth below, the Amended Petition is **DISMISSED AS MOOT**.

## I. BACKGROUND

Petitioner, a citizen of Guatemala, entered the United States in 1994 without inspection. (Doc. 2 ¶¶ 7, 18.)[1] On June 19, 2025, Petitioner was detained by ICE agents in Los Angeles, California and placed in removal proceedings. (*Id*. ¶ 20.) On August 8, 2025, an Immigration Judge ("IJ") granted Petitioner a bond in the amount of $7,500 pursuant to 8 U.S.C. § 1226(a)(2)(A) (the "Bond Order"). (*Id*. ¶ 21; *see id*., Ex. A-5 [Bond Order] at 33–35).) That same day, the Department of Homeland Security ("DHS") filed a Notice of Intent to Appeal Custody Redetermination through an EOIR-43 form that effectively stayed the Bond Order through its appeal to the Board of Immigration Appeals ("BIA"). (*Id*. ¶ 21 (citing 8 C.F.R. §1003.6).) The stay lapses, however, if an appeal is not filed with ten business days. (*Id*. (citing 8 C.F.R. §1003.6).)

"On September 3, 2025, Petitioner was notified a late appeal was filed on August 25, 2025, with a motion to equitably toll the filing deadline." (*Id*. ¶ 23.) Petitioner claims the automatic stay should have lapsed because the Government filed its appeal more than ten business days after its Notice of Appeal. (*Id*.) However, the Government refused to accept a bond and continued to detain Petitioner for over 80 days pending his removal proceedings. (*Id*. ¶ 24.) The appeal is still pending before the BIA. (Doc. 8 at 3.)

On September 12, 2025, Petitioner filed the Amended Petition. (*See* Docs. 1–2.) Petitioner claimed his "[c]ontinued detention, despite a favorable bond ruling," violated (1) the Fifth Amendment's Due Process Clause (Doc. 2 ¶ 31); (2) ICE's own regulations concerning the filing of a notice of appeal (*id*. ¶ 36); and (3) the Immigration & Nationality Act of 1990, 8 U.S.C.§ 1101 *et seq*., ("INA") (*id*. ¶ 40). Petitioner sought his release from custody "upon payment of the bond amount set by the" IJ, attorney's fees and costs, and declaratory relief. (*Id*., Prayer for Relief ¶¶ 3–8.)

In their Response, Respondents indicated that Petitioner was released from ICE

---

[1] The Court cites the paragraph numbers of the Amended Petition and the CM/ECF electronic pagination for other citations unless otherwise noted.

custody on September 17, 2025 after posting bond, thus rendering his Amended Petition moot. (Doc. 6 at 2.) Petitioner argues his Amended Petition is not moot and requests this action be stayed until after the resolution of DHS's pending appeal of the bond order. (Doc. 8 at 3–4; Doc. 9 at 1.)

## II.  LEGAL STANDARD

District courts have the authority to grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Article III of the U.S. Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). Courts do not have jurisdiction "where no actual or live controversy exists." *Cook Inlet Treaty Tribes v. Shalala*, 166 F.3d 986, 989 (9th Cir. 1999). An action becomes moot when "it no longer present[s] a case or controversy under Article III, § 2, of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). A habeas petition continues to present a live controversy if "some concrete and continuing injury" remains. *Id*.

## III.  DISCUSSION

Respondents claim this case is moot because "Petitioner has already obtained the relief he sought—to be released from ICE custody pending the agency's appeal of his bond order." (Doc. 6 at 3.) Petitioner argues the Court maintains jurisdiction based on collateral consequences and wrongs capable of repetition, yet evading review. (Doc. 8 at 4–8.)

In the context of immigration, "[f]or a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . ., there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. INS*, 488 F.3d 1061, 1064 (9th Cir. 2007). But "where the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody." *Id*.

Here, Petitioner challenged his continued detention despite a favorable bond ruling and requested his immediate release from custody upon payment of the set bond amount. (Doc. 2, Prayer for Relief ¶ 6.) Respondents then released Petitioner on bond. Thus, the

| | |
|---|---|
| 1 | "successful resolution of [his] pending claims could no longer provide the requested relief." |
| 2 | *Abdala*, 488 F.3d at 1065 (finding a habeas petition challenging the legality of a petitioner's |
| 3 | extended detention is fully resolved and mooted by the petitioner's release from custody). |
| 4 |     Petitioner contends that the risk of being re-detained constitutes a collateral |
| 5 | consequence that he will continue to suffer unless this Court "clarif[ies] the legal standard |
| 6 | applicable to the habeas claim." (Doc. 8 at 4, 7.) He argues that his "risk of being re- |
| 7 | detained is high" because the Government "appears to suggest" he was subject to |
| 8 | mandatory detention under 8 U.S.C. § 1225(b), as opposed to § 1226(a), and may therefore |
| 9 | seek to revoke his bond eligibility. (*Id*. at 7–8 (citing *Matter of Yajure Hurtado,* 29 I&N |
| 10 | Dec. 216 (BIA 2025)).) However, these claims are not before this Court. In the Amended |
| 11 | Petition, Petitioner stated the IJ granted his release on bond pursuant to § 1226(a)(2)(A) |
| 12 | and requested that this Court "declare [he] is being detained pursuant to [ ] § 1226(a)." |
| 13 | (Doc. 2 ¶ 21, Prayer for Relief ¶ 3.) Petitioner did not dispute the statutory provision |
| 14 | governing his detention or assert such a claim for relief. Instead, Petitioner claimed his |
| 15 | continued detention was unlawful because of the Government's invocation of the automatic |
| 16 | stay and refusal to release him after the stay lapsed. (*Id*. ¶¶ 32–45; *see, e.g.*, *id*. ¶ 43 |
| 17 | ("While ICE has the right to appeal the IJ's bond decision to the BIA, such an appeal should |
| 18 | not automatically stay the IJ's order.").) Because the IJ's bond determination permitted |
| 19 | Petitioner's release under § 1226(a), and his Amended Petition was based on the |
| 20 | Government's stay of that bond, the Government's potential arguments on appeal are not |
| 21 | consequences redressable by success on the Amended Petition. The collateral |
| 22 | consequences exception is therefore inapplicable. *See A.N.M.L. v. Garland*, Case No. 19- |
| 23 | cv-01980-BAS-BGS, 2021 WL 1853577, at *2 (S.D. Cal. May 10, 2021); *Alam v. Carter*, |
| 24 | 843 F. App'x 953, 954 (9th Cir. 2021) ("Any risk of re-detention does not save his petition |
| 25 | from mootness, as [the petitioner] was released pursuant to court order and there is thus a |
| 26 | legal impediment to his re-detention."). |
| 27 |     Petitioner also contends that this is an action "capable of repetition yet evading |
| 28 | review" because he "faces the possibility of being re-detained" and "continues to be subject |

to the same immigration proceedings that led to his initial detention." (Doc. 8 at 6.) This exception is limited "to extraordinary cases in which (1) the duration of the challenged action is too short to be fully litigated before it ceases, and (2) there is a reasonable expectation that the plaintiff will be subjected to the same action again." *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 983 (9th Cir. 2011) (cleaned up). However, Petitioner fails to demonstrate a reasonable expectation that he will be subject to the same challenged action—his continued detention despite being granted release on bond—in the future. As the Government's appeal of the Bond Order remains pending, any future stay or revocation of his release would necessarily be based on new facts and legal justifications. *See Spencer*, 523 U.S. at 17–18 ("[Petitioner] has not . . . demonstrated a reasonable likelihood that he will once again be paroled and have that parole revoked."); *see also City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02, 108–09 (1983) (holding speculation and conjecture of future improper conduct is insufficient to defeat mootness).

As Petitioner has been released from custody, the Court finds "the successful resolution of [Petitioner's] pending claims could no longer provide the requested relief." *See Abdala*, 488 F.3d at 1065. The Amended Petition is therefore moot.

### IV.    CONCLUSION

Based on the foregoing reasons, the Amended Petition (Doc. 2) is **DISMISSED AS MOOT**. Petitioner's Motion to Stay (Doc. 9) is therefore **DENIED AS MOOT**.

**IT IS SO ORDERED**.

DATE: November 24, 2025

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE